# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KINGMAN HOLDINGS, LLC, AS TRUSTEE FOR THE RIMROCK CIRCLE 8011 LAND TRUST. | § § § § § § § § § § | Civil Action No. 4:19-CV-399 (Judge Mazzant/Judge Nowak) |
| v. | | |
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGSC SERIES II TRUST. | | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 22, 2019, the report of the Magistrate Judge (Dkt. #20) was entered containing proposed findings of fact and recommendations that Plaintiff Kingman Holdings, LLC, as Trustee for the Rimrock Circle 8011 Land Trust's Motion for Remand (Dkt. #9) be denied. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #25), Defendant's Response (Dkt. #29), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

**RELEVANT BACKGROUND**

Plaintiff filed this quiet title suit on February 15, 2019, in the 380th Judicial District Court of Collin County, Texas (Dkt. #5). In the state court, Plaintiff attempted to serve Defendant with process by serving the Texas Secretary of State on February 21, 2019. Thereafter, the 380th District Court entered a default judgment against Defendant on March 19, 2019. Defendant filed its Notice of Removal on May 31, 2019 (Dkt. #1). Plaintiff moved to remand on June 17, 2019, arguing Defendant's removal was untimely (Dkt. #9). On July 22, 2019, the Magistrate Judge

recommended the Court deny Plaintiff's Motion to Remand (Dkt. #20). Specifically, the Magistrate Judge found that Defendant was not properly served in the state court action and thus Defendant's Notice of Removal was timely. On August 2, 2019, Plaintiff filed an Objection to the report (Dkt. #25). Defendant filed a Response on August 14, 2019 (Dkt. #29).

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Plaintiff argues that it properly pleaded all requisite jurisdictional facts necessary to invoke the Texas Estates Code; and as such, removal is untimely, mandating a remand of this case to state court (Dkt. #25). Plaintiff maintains that the substance of the allegations, in Plaintiff's Petition and attachments thereto, "as a whole" show Defendant "falls within the ambit of the Estates Code" (Dkt. #25 at pp. 4, 7). Defendant responds that unless a party successfully alleges the necessary jurisdictional facts to invoke the Estates Code, there is no basis to serve a party under that provision (Dkt. #29). Thus, Defendant contends Plaintiff's service upon the Secretary of State was ineffective and Defendant's removal was both proper and timely (Dkt. #29 at p. 10).

Other courts have recognized that service on the Secretary of State when a financial institution is acting as a foreign corporate fiduciary under the Estates Code may be effective where the requisite jurisdictional facts are alleged. Thus, the key issue raised by both Plaintiff's Objection and Defendant's Response is the sufficiency of such jurisdictional allegations in the instant case.

Plaintiff insists that it satisfactorily alleged the jurisdictional facts required by Chapter 505 Subchapter A of the Estates Code (Dkt. #25 at p. 4). However, as Defendant points out, Plaintiff has consistently failed to plead that Defendant does not have its main office or a branch office in Texas. The Estates Code specifically defines a "foreign corporate fiduciary" as a "corporate fiduciary that does not have its main office or a branch office in [Texas]." Tex. Est. Code § 505.001. Plaintiff's pleading recites only that Defendant's "home state is Ohio" (Dkt. #5 at p. 2). Moreover, merely stating that Defendant was sued in its capacity "as foreign corporate fiduciary" is not enough; nor may Plaintiff wholly rely by reference on other documents to supply jurisdictional facts. To serve a defendant under the Estates Code, Plaintiff must assert the necessary jurisdictional facts. *See Kingman Holdings, LLC v. U.S. Bank Nat'l Ass'n*, No. 4:15CV588, 2016 WL 1756508, at *3 (E.D. Tex. May 3, 2016), *report and recommendation adopted,* No. 4:15CV588, 2016 WL 3079812 (E.D. Tex. June 1, 2016). Plaintiff claims for the first time in its Objection that Defendant's "main office" is in Ohio (Dkt #25 at p. 4), but still makes no mention of whether Defendant maintains (or does not maintain) a branch office in this state (Dkt #25). Had Plaintiff's counsel properly enumerated the requirements to invoke Chapter 505 a different result would be mandated (as the Court has previously recognized and as both Parties are on notice thereof); however, because the jurisdictional facts are not sufficiently alleged Defendant was *never* formally served with process.

"[A] defendant's right to removal runs from the date on which it is formally served with process." *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)). Because Defendant was never properly served, Defendant's removal of the state court action was timely. Plaintiff's Objection is overruled.

## CONCLUSION

Having considered Plaintiffs' Objection (Dkt. #25) and Defendant's Response (Dkt. #29), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #20) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff's Motion to Remand (Dkt. #9) is **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 25th day of November, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE